**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SAMUEL GABAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 25 C 8237 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| LYONDELL CHEMICAL COMPANY and EQUISTAR CHEMICALS, LP, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

In its April 15, 2026 Opinion and Order (the "Order"), the Court denied Defendants Lyondell Chemical Company and Equistar Chemicals, LP's motion to dismiss Plaintiff Samuel Gabay's negligence claim for failing to provide him with proper safety equipment when he worked at Defendants' petrochemical manufacturing plant in Morris, Illinois (the "Morris Plaint").[1] Defendants now move the Court to certify the order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Because the Court does not find a substantial ground for difference of opinion, the Court denies the motion to certify the Order.

## LEGAL STANDARD

Motions for interlocutory appeal are governed by 28 U.S.C. § 1292(b). Section 1292(b) permits a district court to grant such motions when one of its orders "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The motion must also "be filed in the district court within a

[1] Gabay initially also sued LyondellBasell Industries N.V. but later voluntarily dismissed the company. Doc. 31.

reasonable time after the order sought to be appealed." *Ahrenholz v. Bd. of Trs.*, 219 F.3d 674, 675 (7th Cir. 2000). "The criteria are conjunctive, not disjunctive." *Id.* at 676.

## ANALYSIS[2]

In its Order, the Court found that Defendants' bankruptcy did not discharge Gabay's negligence claim. Doc. 42 at 6–7. To reach this conclusion, the Court relied on the Seventh Circuit's opinion in *St. Catherine v. Ind. Fam. & Soc. Servs. Admin.* 800 F.3d 312 (7th Cir. 2015). Defendants now argue that the Court should certify its Order for interlocutory appeal. Defendants propose the following question as the central legal issue the Order presents for appeal: "[W]hether Plaintiff Samuel Gabay's negligence claim was discharged in Defendants' bankruptcy[.]" Doc. 52 at 1. Defendants' question turns on *when* Gabay's claim arose for purposes of bankruptcy—before or after the date on which Defendants filed for bankruptcy protection (the "Petition Date"). Defendants assert that this question meets all the requirements of § 1292(b) and, therefore, the Court should certify the Order for interlocutory appeal.

With regard to the first requirement, a question of law is "controlling" if it is a pure question of law that can be decided quickly and cleanly without detailed study of the facts of the case, *Ahrenholz*, 219 F.3d at 676–77, and "if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so," *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996). The issue Defendants seek to present on appeal is undoubtedly a controlling question of law. If the Seventh Circuit were to determine that Gabay's claim arose pre-petition and therefore that Defendants' bankruptcy discharged Gabay's claim, then the Court would likely dismiss Gabay's negligence claim against

[2] The Court presumes the parties' familiarity with this case's factual background and the content of the Order and therefore does not repeat it here except as necessary.

Defendants, unless Gabay successfully challenged the adequacy of Defendants' bankruptcy notice.

Defendants' motion, however, does not satisfy the next requirement, that substantial ground for a difference of opinion exist. There can be no substantial basis for a difference of opinion where a controlling court has already ruled on the question at issue. *In re Brand Name Prescription Drug Antitrust Litig.*, 878 F. Supp. 1078, 1081 (N.D. Ill. 1995). The Seventh Circuit adopted the "conduct test" to determine the date on which a claim arose for purposes of classifying it as a pre- or post-petition claim. *St. Catherine*, 800 F.3d at 315–16. The conduct test determines the date of the claim as "the date of the conduct giving rise to the claim." *Id.* But *St. Catherine* allows an exception to the conduct test "where the claimant is the victim of pre-petition tortious conduct, but does not realize he or she has been a victim until some harm manifests after the bankruptcy." *Id.* at 318.

Defendants argue that, notwithstanding *St. Catherine*, other circuit courts, and district and bankruptcy courts outside of the Seventh Circuit, have strictly adopted the conduct test and rejected any exception for a later-manifesting injury. Doc. 52 at 8 (citing Second, Third, Fourth, and Tenth Circuit cases, as well as many out-of-circuit bankruptcy and district court cases addressing this issue). But the fact that other out-of-circuit courts have issued rulings contrary to the Seventh Circuit's exception in *St. Catherine* does not make this issue contestable. *See G.M. Sign, Inc. v. Franklin Bank, S.S.B.*, No. 06 C 949, 2006 WL 1132386, at *3 (N.D. Ill. Apr. 19, 2006) (denying a motion for interlocutory appeal because "although [the plaintiff] point[ed] to a number of outside authorities to support its argument, there are no Seventh Circuit cases that directly oppose" the Seventh Circuit's controlling decision, "as would be necessary to show that ground for difference of opinion exists"); *cf. State Farm Mut. Auto. Ins. Co. v. Boellstorff*, 540

F.3d 1223, 1228–30 (10th Cir. 2008) (hearing an interlocutory appeal on an issue not previously decided by the Tenth Circuit and about which there was an even circuit split).

Defendants also note that *In re Pettibone Corp.*, a Northern District of Illinois Bankruptcy Court opinion, determined that a tort claim arises at the time of exposure to the harmful material, regardless of when the injury manifests. 90 B.R. 918, 932 (Bankr. N.D. Ill. 1988). But the bankruptcy court came to this conclusion decades before the Seventh Circuit issued its *St. Catherine* opinion. And Defendants cite to only one other in-circuit case in their brief, which similarly issued its decision well before *St. Catherine*. *See* Doc. 52 at 8 n.2 (citing *In re Diamond Mortg. Corp. of Ill.*, 105 B.R. 876, 878 n.4 (Bankr. N.D. Ill. 1989)).

Defendants argue that *St. Catherine*'s exception to the conduct test is "clearly nonbinding and outdated dicta that no court of appeals—including the Seventh Circuit—has ever applied." Doc. 52 at 10. Defendants further assert that the *St. Catherine* exception "does not encompass the facts of this case," Doc. 52 at 11, and therefore this case "falls into a gap in Seventh Circuit caselaw" where the parties had a preexisting relationship, *id.* at 12. But if Defendants believe that the Court misapplied the law in this case, a motion for reconsideration is the appropriate vehicle to revisit its decision, not a motion for interlocutory appeal. *See In re Livemercial Aviation Holding, LLC*, No. 10-20051, 2014 WL 3611348, at *2 (N.D. Ind. July 21, 2014) ("If a mere disagreement in how the law is applied to the facts of a particular case was all that was needed for an interlocutory appeal, every single denial of a motion to dismiss would present grounds for interlocutory appeal." (citing *Ahrenholz*, 219 F.3d at 676)).

The Court therefore finds that *St. Catherine* directly answers the question that Defendants seek to present to the Seventh Circuit, and so the Court properly relied on *St. Catherine* in denying Defendants' motion to dismiss. Defendants have not identified any subsequent legal

developments that either abandon or undermine *St. Catherine*'s principles such that the Court could find a substantial ground for a difference of opinion exists that would justify an order granting interlocutory appeal. Thus, the Court denies Defendants' motion.

**CONCLUSION**

For the foregoing reasons, the Court denies Defendants' motion for interlocutory appeal [51].

Dated: September 15, 2026

SARA L. ELLIS
United States District Judge